# EXHIBIT B

1 | **PETRONELLI LAW GROUP, PC**
CHRISTIAN J. PETRONELLI, SBN 284522
2 | *christian@petronellilaw.com*
3 | MITCHEL D. VANDERPOOL, SBN 341146
*mitch@petronellilaw.com*
4 | 295 Redondo Avenue, Suite 201
Long Beach, California 90803
5 | Telephone: (888) 855-3670
6 | Facsimile: (888) 449-9675

7 | *Attorney for Plaintiff*
**CHAD JANES**
8 | *and all others similarly situated*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 0 7 2023

BY
JACQUELINE HARNESS, DEPUTY

9 |

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **COUNTY OF SAN BERNARDINO**

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

| | |
|---|---|
| 12 CHAD JANES, individually and on behalf of | Case No.: |
| 13 all other persons similarly situated and all Aggrieved Employees, | **CIV SB 2 3 1 8 2 7 1** |
| 14 | **CLASS ACTION COMPLAINT FOR:** |
| 15 Plaintiffs, | (1) Failure to Pay Regular and Overtime Wages (Labor Code §§ 510, 1194, 1198); |
| 16 v. | (2) Failure to Provide Meal Periods (Labor Code § 226.7); |
| 17 LOWE'S HOME CENTERS, LLC., a North Carolina Limited Liability Company; and | (3) Failure to Provide Rest Periods (Labor Code § 226.7); |
| 18 DOES 1 through 100, inclusive, | (4) Failure to Pay Wages (Labor Code § 204); |
| 19 Defendants. | (5) Waiting Time Penalties (Labor Code §§ 201-203); |
| 20 | (6) Failure to Provide Accurate Itemized Wage Statements (Labor Code § 226); |
| 21 | (7) Unfair Business Practices (Business & Professions Code §§ 17200 *et seq.*); and |
| 22 | (8) Violation of the Private Attorneys General Act of 2004 (Labor Code §§ 2698, *et seq.*) |
| 23 | |
| 24 | |
| 25 | |
| 26 | **DEMAND FOR JURY TRIAL** |
| 27 | |
| 28 | |

CLASS ACTION COMPLAINT

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

Plaintiff CHAD JANES ("Plaintiff"), individually and on behalf of all other persons similarly situated and on behalf of all Aggrieved Employees, allege as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.    The penalties sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

5.      Defendants' wrongful conduct, as alleged herein, occurred and the causes of action arose, at least in part, in the County of San Bernardino.

## PARTIES

6.      Plaintiff is, and at all relevant times was, a resident of San Bernardino County, State of California and citizens of the State of California. Plaintiff's claims arose, at least in part, in San Bernardino County, California. Plaintiff worked as an apprentice for Defendant LOWE'S HOME

- 2 -

CLASS ACTION COMPLAINT

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

1  CENTERS, LLC., (hereinafter "LOWE'S HOME CENTERS") and DOES 1-100 (collectively
2  referred to as "Defendants"). He was paid $29.50/per hour at the end of his time at LOWE'S HOME
3  CENTERS and worked the overtime or graveyard shift. Plaintiff and those similarly situated were
4  paid a $1.00/hour shift differential for hours worked between 12am – 6am.

5  　　　7.　　Plaintiffs reserve the right to seek leave to amend this complaint to add new plaintiffs,
6  if necessary, in order to establish suitable representative(s) pursuant to *La Salsa v. American Savings*
7  *and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

8  　　　8.　　Defendant LOWE'S HOME CENTERS is, and at all relevant times was, a California
9  corporation. At all times hereinafter mentioned, Defendant LOWE'S HOME CENTERS was an
10  employer whose employees were engaged throughout this county and the State of California.

11  　　　9.　　Plaintiff does not know the true names or capacities of the persons or entities sued
12  herein as Does 1-100, inclusive, and therefore sue said Defendants by such fictitious names. Each
13  of the Doe Defendants was in some manner legally responsible for the violations alleged herein.
14  Plaintiff will ask leave of Court to amend this Complaint to show their true names and capacities at
15  such time as they are ascertained.

16  　　　10.　　At all times mentioned herein, the Defendants named as Does 1-100, inclusive, and
17  each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or
18  injured Plaintiff and Class Members in the State of California.

19  　　　　　　　　　**JOINT LIABILITY**

20  　　　11.　　Unless otherwise indicated herein, each Defendant herein sued is the agent, co-
21  conspirator, joint venture, general employer, special employer, dual employer, partner, and/or
22  employee of every other Defendant and, as alleged, has been acting within the course and scope of
23  said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or
24  employment with the knowledge and/or consent of co-Defendants, and each of them. Moreover,
25  Plaintiffs are informed and believes, and thereon allege, that each Defendant has authorized and/or
26  ratified the wrongful activities of each of the remaining Defendants.

27
28

- 3 -
CLASS ACTION COMPLAINT

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

## DEFENDANTS' CONDUCT

12.     Defendants is a company "big box" store that sells home improvements and construction materials and conducts business throughout California. Defendants employed Plaintiff as a non-exempt, night shift supervisor from approximately August 22, 2022, through the present. Plaintiff is a W-2 employee and is paid $29.50/per hour for the work he performed for Defendants, plus a $1.00/hour shift differential for hours worked between 12:00 a.m. – 6:00 a.m.

13.     Throughout Plaintiff's employment with Defendants, Plaintiff and others similarly situated were denied their right to all overtime compensation and earned wages in lawful intervals. Specifically, Plaintiff and others were denied proper overtime pay when they worked more than 8 hours per day and 40 hours per week.

14.     More specifically, Plaintiff and other aggrieved employees were not paid the correct overtime wages for overnight shifts, because Defendants failed to include Plaintiff and Aggrieved Employee's $1.00 overnight shift differential in calculating overtime pay owed to Plaintiff and Aggrieved Employees, resulting in underpayment of overtime pay for all shifts in which a shift differential was paid and overtime pay was earned, thereby denying Plaintiff and Aggrieved employees their rightful earned wages in violation of Labor Code §§ 510, 558, 1194, and 1198.

15.     Plaintiff is informed and believes, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and the requirements of California law.

## CLASS ACTION ALLEGATIONS

16.     Plaintiffs bring this action individually, as well as on behalf of each and all other persons similarly situated in a concerted effort to improve wages and working conditions for other non-exempt and/or hourly employees, and thus seek class certification under Code of Civil Procedure § 382.

17.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

18. The proposed Class consists of and is defined as:

- 4 -

CLASS ACTION COMPLAINT

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

All current and/or former non-exempt employees that worked for Defendants in California within four (4) years prior to the filing of this Complaint.

19. The proposed subclasses consist of and are defined as:

REGULAR WAGE SUBCLASS: All members of the Class who were not paid all regular wages earned for all hours worked.

OVERTIME SUBCLASS: All members of the Class who were not paid all overtime compensation, including double time, for all hours worked in excess of 8 hours per day and/or 40 hours per week.

WAITING TIME SUBCLASS: All members of the Class who, at any time after the date three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid wages within the times specified by Labor Code §§ 201-203 and are owed restitution for waiting time penalties deriving from wages.

LABOR CODE § 226 SUBCLASS: All members of the Class who, at any time after the date three years prior to filing of this Complaint, received inaccurate wage statements in violation of California Labor Code § 226, including, but not limited to, wage statements that failed to accurately state the hours worked.

MEAL & REST BREAK SUBCLASS: All members of the Class who were not provided uninterrupted, duty free meal and rest breaks or appropriate penalties in lieu thereof;

BUS. & PROF. CODE § 17200 SUBCLASS: All members of the Class who, at any time after the date four years prior to the filing of this Complaint were not paid all wages, including all regular wages, overtime wages, meal period premiums, and rest break premiums;

PAGA SUBCLASS: All members of the Class who were subject to violations of Labor Code § 2698, et seq. ("PAGA") during

CLASS ACTION COMPLAINT

the statutory period.

Plaintiffs reserve the right to establish additional subclasses as appropriate.

20. At all material times, Plaintiff was a member of the Class.

21. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) Numerosity: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest. Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

(c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledge that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any Class member. Plaintiff's attorneys, the proposed Class counsel, are versed in the rules governing class action discovery, certification, and settlement.

(d) Superiority: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 6 -

CLASS ACTION COMPLAINT

(e)    <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the Class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

22.    There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a)    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

(b)    Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiff and Class members;

(c)    Whether Defendants owe Plaintiff and Class members overtime pay for work over 8 hours per day, over 12 hours per day, and/or over 40 hours per week;

(d)    Whether Defendants failed to pay Plaintiff and Class members accurate overtime wages for all overtime hours worked;

(e)    Whether Defendants' conduct was willful or reckless;

(f)    Whether Defendants violated Labor Code § 226 by failing to timely furnish Plaintiffs and Class members with accurate wage statements;

(g)    Whether Defendants failed to timely pay all wages due to Plaintiff and Class members upon their discharge or resignation;

(h)    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, *et seq.*;

(i)    Whether Defendants failed to reimburse Plaintiff and Class members for all business expenses incurred;

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 7 -

CLASS ACTION COMPLAINT

(j)     Whether Defendant provided Plaintiff and Class Members with uninterrupted, duty free meal and rest breaks or appropriate penalties in lieu thereof; and

(k)     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## FIRST CAUSE OF ACTION

**Failure to Pay Regular and Overtime Wages – Violation of**

**Labor Code §§ 510, 1194 and 1198**

**(By Plaintiff and Class against all Defendants)**

23.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

24.     At all relevant times, Plaintiff and Class members' employment with Defendants was subject to the provisions of the California Labor Code and the applicable IWC Wage Order, including the requirement to pay overtime wages to Plaintiff and Class members after working eight (8) hours per day or forty (40) hours per week, and the requirement to pay double time wages after twelve (12) hours of work per day.

25.     At all times material hereto, the applicable Wage Order and Labor Code §§ 510, 1194, and 1198 required Defendants to pay Plaintiff and Class members overtime compensation at prescribed hourly overtime rates for all hours worked in excess of a regular eight (8) hour workday or forty (40) hour workweek.

26.     At all times material hereto, Defendants routinely and systematically failed to paid Plaintiff and Class members accurate overtime and double time wages for all hours worked by, among other things, failing to accurately calculate wages due and failing to include shift differential wages in Plaintiff and Class Members regular rate of pay.

27.     Labor Code §§ 510, 1194, and 1198 and the applicable Wage Order make it unlawful under California law to pay employees for overtime work at a rate less than the applicable overtime rate.

28.     As a direct and proximate result of Defendant's conduct in violation of Labor Code §§ 510, 1194, and 1198 and the applicable Wage Order, Plaintiff and Class members have suffered, and continue to suffer, lost overtime wages, as well as losses related to the use and enjoyment of

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

1  those wages and interest on such wages all to Plaintiff's and Class members' damage in an amount
2  according to proof at trial.

3       29.    Pursuant to Labor Code § 1194(a), Plaintiff and Class members request that the Court
4  award Plaintiff and Class members reasonable attorney's fees, costs incurred by them in this action,
5  and interest on all due and unpaid wages, at the prevailing legal rate, accruing from the date the
6  wages were due and payable.

7       30.    Pursuant to Labor Code § 218.5, Plaintiff and Class members request that the Court
8  award Plaintiff and Class members reasonable attorney's fees and costs incurred by them in this
9  action.

10       31.    Pursuant to Labor Code § 218.6, Plaintiff and Class members request that the Court
11  award Plaintiff and Class members interest on all due and unpaid wages, at the prevailing legal rate,
12  accruing from the date the wages were due and payable.

13  **SECOND CAUSE OF ACTION**
14  **Failure to Provide Meal Periods – Violation of Labor Code § 226.7**
15  **(By Plaintiff and Class against all Defendants)**

16       32.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

17       33.    Plaintiff and Class members were entitled to one thirty (30) minute, duty-free meal
18  period for every five (5) hours of work pursuant to applicable Industrial Welfare Commission Wage
19  Orders and California Code of Regulations.

20       34.    Throughout their employment with Defendants, Plaintiff and Class members were
21  not provided a timely, thirty (30) minute, duty-free meal period, and Plaintiff and Class members
22  performed duties during the times they tried to take their meal periods in violation of Labor Code §
23  226.7. Defendants did not intend on providing Plaintiff and Class members with a timely, thirty (30)
24  minute, duty-free meal period. If meal periods were provided at all, they were not provided until
25  after the 5th hour of work.

26       35.    As a result of Defendant's failure to provide Plaintiff and Class members with a thirty
27  (30) minute, duty-free meal period, Plaintiff and Class members are entitled to a premium wage of
28  one (1) hour of pay at their regular rate of pay for every day they did not obtain their duty-free meal

- 9 -
CLASS ACTION COMPLAINT

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

1   periods in a total amount to be determined at trial.  While Plaintiff and Class members were paid
2   meal break penalties, at times, those penalties were paid at a lesser rate than Plaintiff and Class
3   Members regular rate of pay.

4       36.     Pursuant to Labor Code § 218.6, Plaintiff and Class members request that the Court
5   award Plaintiff and Class members interest on all due and unpaid wages, at the prevailing legal rate,
6   accruing from the date the wages were due and payable.

7                          **THIRD CAUSE OF ACTION**

8          **Failure to Provide Rest Periods – Violation of Labor Code § 226.7**

9               **(By Plaintiff and Class against all Defendants)**

10      37.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

11      38.     Plaintiff and Class members are entitled to one ten (10) minute, duty-free rest period
12  for every four (4) hours (or major fraction thereof) of work pursuant to applicable Industrial Welfare
13  Commission Wage Orders and California Regulations.

14      39.     Throughout their employment with Defendants, Plaintiff and Class members were
15  not provided ten (10) minute, duty-free rest periods in violation of Labor Code § 226.7.  Defendants
16  did not intend on providing Plaintiff and Class members with all ten (10) minute, duty-free rest
17  periods.

18      40.     As a result of Defendants' failure to provide Plaintiff and Class members with ten
19  (10) minute, duty-free rest period, Plaintiff and Class members are entitled to a premium wage of
20  one (1) hour of pay at their regular rate of pay for every day they did not obtain both of their rest
21  periods in an amount to be determined at trial.  The rest break penalties that were paid, were paid at
22  less than the regular rate of pay.

23      41.     Pursuant to Labor Code § 218.6, Plaintiff and Class members request that the Court
24  award Plaintiff and Class members interest on all due and unpaid wages, at the prevailing legal rate,
25  accruing from the date the wages were due and payable.

26                          **FOURTH CAUSE OF ACTION**

27          **Failure to Pay Wages – Violation of Labor Code § 204**

28               **(By Plaintiff and Class against all Defendants)**

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 10 -

CLASS ACTION COMPLAINT

42.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

43.    Labor Code § 204 provides in part that "all wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

44.    Plaintiff and Class members were not paid all earned and owed wages, including overtime, and/or double time, on regularly established paydays at least twice during each calendar month.

45.    In violation of Labor Code § 204, Defendants knowingly and willfully refused to perform their obligations to timely compensate Plaintiff and Class members for all wages earned throughout their employment in lawful intervals and, instead, paid Plaintiff and Class members lesser than their lawful wages and at incorrect regular rates.

46.    Plaintiff and Class members are currently entitled to payment for all unpaid wages, including all overtime wages, and/or double time wages not paid to Plaintiffs and Class members in violation of Labor Code § 204, in an amount to be proven at trial.

47.    As a direct, foreseeable and proximate result of Defendants' actions, Plaintiff and Class members have suffered and incurred the loss of monies for which they are entitled to payment, all to Plaintiff's and Class members' damage in amount according to proof at trial.

48.    Pursuant to Labor Code § 1194(a), Plaintiff and Class members request that the Court award Plaintiff and Class members reasonable attorney's fees, costs incurred in this action, and interest on all due and unpaid wages, at the prevailing legal rate, accruing from the date the wages were due and payable.

49.    Pursuant to Labor Code § 218.5, Plaintiff and Class members requests that the Court award Plaintiff and Class members reasonable attorney's fees and costs incurred in this action.

50.    Pursuant to Labor Code § 218.6, Plaintiff and Class members requests that the Court award Plaintiff and Class members interest on all due and unpaid wages, at the prevailing legal rate, accruing from the date the wages were due and payable.

### FIFTH CAUSE OF ACTION

**Waiting Time Penalties – Violation of Labor Code §§ 201-203**

- 11 -

CLASS ACTION COMPLAINT

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

**(By Plaintiff and Class against all Defendants)**

51. Plaintiff incorporates all paragraphs above as though fully set forth herein.

52. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

53. During the relevant time period, Defendants willfully failed to pay Class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ.

54. Plaintiff's and Class members' final paychecks did not include all wages owed to Plaintiff and Class members, including all earned overtime wages, meal break premiums, and rest break premiums.

55. Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

56. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

57. Plaintiff and Class members are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203. Plaintiff and Class members request that the Court award reasonable attorney's fees and costs incurred in this action.

## SIXTH CAUSE OF ACTION

### Failure to Keep and Provide Accurate Itemized Wage Statements

### – Violation of Labor Code § 226

- 12 -

CLASS ACTION COMPLAINT

**(By Plaintiff and Class against all Defendants)**

58.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

59.    At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

60.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, failure to keep accurate records of the hours Plaintiff and Class members worked and failure to state the correct hourly rate for all hours worked.  More specifically, Plaintiff and Class members were not paid or were not paid correctly for hours worked.  Plaintiff's and Class members' wage statements also failed to state Plaintiff and Class members' accurate wages and accurate meal and rest break premiums.

61.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and Class members have suffered injury and damage to their statutorily protected rights.

62.    Specifically, Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

63.    Plaintiff and Class members were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 13 -

CLASS ACTION COMPLAINT

64.     Because Plaintiff and Class members were damaged as a proximate result of Defendants' failure to comply with Labor Code § 226(a), Plaintiff and Class members are entitled to recover the greater of their actual damages or an aggregate penalty of $4,000, and are entitled to an award of costs and reasonable attorney's fees pursuant to Labor Code § 226(h).

65.     Plaintiff and Class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h).

### SEVENTH CAUSE OF ACTION

**Violation of California Business & Professions Code § 17200, *et seq.***

**(By Plaintiff and Class against all Defendants)**

66.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

67.     Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

68.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

69.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, *et seq.*

70.     A violation of California Business & Professions Code § 17200, *et seq.* may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, *et seq.*

**Failing to Pay Overtime**

71.     Defendants' failure to pay proper overtime compensation and other benefits in violation of California Labor Code §§ 510, 1197, and 1198 constitutes unlawful and/or unfair activity

- 14 -

CLASS ACTION COMPLAINT

1  prohibited by Business and Professions Code § 17200, *et seq.*

2  **Failing to Pay Wages**

3       72.    Defendants' failure to pay wages due and payable and failure to pay minimum wages

4  constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, *et*

5  *seq.*

6  **Failing to Timely Pay Wages Upon Termination**

7       73.    Defendants' failure to timely pay wages upon termination in accordance with Labor

8  Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by

9  Business and Professions Code § 17200, *et seq.*

10  **Failing to Provide Accurate Itemized Wage Statements**

11       74.    Defendants' failure to provide accurate itemized wage statements in accordance with

12  Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by

13  Business and Professions Code § 17200, *et seq.*

14       75.    By and through their unfair, unlawful, and/or fraudulent business practices described

15  herein, Defendants have obtained valuable property, money, and services from Plaintiffs, and all

16  persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable

17  rights and benefits guaranteed by law, all to their detriment.

18       76.    Plaintiff and Class members suffered a monetary injury due to Defendants' wrongful

19  conduct.

20       77.    Plaintiff, individually, and on behalf of Class members, is entitled to, and do, seek

21  such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of

22  which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or

23  fraudulent business practices. Plaintiff and Class members are not obligated to establish individual

24  knowledge of the unfair practices of Defendants in order to recover restitution.

25       78.    Plaintiff, individually, and on behalf of Class members, is further entitled to and do

26  seek a declaration that the above-described business practices are unfair, unlawful, and/or fraudulent,

27  and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-

28  described unfair, unlawful and/or fraudulent business practices in the future.

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 15 -

CLASS ACTION COMPLAINT

79.    Plaintiff, individually, and on behalf of Class members, has no plain, speedy, and/or adequate remedy at law to redress the injuries they have suffered due to Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful, and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of Class members, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

80.    Pursuant to California Business & Professions Code § 17200, *et seq.*, Plaintiff and Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

**EIGHTH CAUSE OF ACTION**

**Violation of the Private Attorneys General Act of 2004 (Labor Code §§ 2698, *et seq.*)**

**(By Plaintiff on behalf of himself and Aggrieved Employees against all Defendants)**

81.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

82.    Plaintiff is an aggrieved employee under the Private Attorneys General Act ("PAGA") because he was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth in this Complaint.  Plaintiff seeks to recover on his behalf, on the behalf of the State, and on behalf of all current and former aggrieved employees of Defendants, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs in this representative action.

83.    As a result of the acts alleged herein, Plaintiff, as an aggrieved employee within the meaning of Labor Code § 2699(c), on behalf himself and other current and former non-exempt who worked in California for Defendants as forklift drivers, drivers, warehouse workers, stockers and other similar and miscellaneous positions with similar job titles and/or job duties, within four (4) years prior to the filing of this Complaint (hereinafter "Non-Exempt Employees"), seek the recovery of civil penalties against Defendants pursuant to PAGA for the following knowing and intentional

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 16 -

CLASS ACTION COMPLAINT

violations of the California Labor Code:

    a.    For failing to properly calculate all hours worked by Non-Exempt Employees;

    b.    For failing to pay Non-Exempt Employees proper overtime in violation of Labor Code §§ 510, 1194 and 1198;

    c.    For failing to pay Plaintiff and other Non-exempt Employees in timely, lawful intervals as required by Labor Code § 204;

    d.    For failing to provide required duty-free meal periods to Plaintiff and other Non-Exempt Employees in appropriate premiums in lieu thereof in violation of Labor Code §§ 226.7 and 512;

    e.    For failing to pay Plaintiff and other Non-Exempt Employees the additional hour of compensation earned for every shift that a mandated meal period was denied – in violation of Labor Code § 226.7;

    f.    For failing to authorize/permit required rest periods to Plaintiff and other Non-Exempt Employees, in violation of Labor Code § 226.7;

    g.    For failing to pay Plaintiffs and other Non-Exempt Employees the additional hour of compensation earned for every shift that a mandated rest period was denied, in violation of Labor Code § 226.7;

    h.    For failing to provide accurate itemized wage statements in violation of Labor Code §§ 226;

    i.    For violating Labor Code § 1198;

    j.    For failing to pay wages promptly following the termination or resignation of employment, or when due and payable, in violation of Labor Code §§ 201, 202, 203 and 204;

    k.    For failing to record statutorily mandated meal periods in violation of Labor Code § 1198; and

    l.    For failing to pay wages in violation of Labor Code § 558.

84.    The above-referenced civil penalties shall include the recovery of amounts specified in the applicable sections of the Labor Code, and if not specifically provided, those under section

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 17 -

CLASS ACTION COMPLAINT

2699(f), and shall include those amounts sufficient to recover underpaid wages, including all necessary expenditures or losses incurred by Plaintiffs and other Non-Exempt Employees, pursuant to Labor Code §§ 210, 225.5, 226.3, 226.8, 558(a), 1197.1(a), 2801 and 2699(a) & (f).

85.     With respect to violations of Labor Code § 204, Labor Code § 210 imposes a civil penalty (apart from other penalties) of $100 for each initial violation, and $200 for each subsequent violation, in addition to 25% of the amount unlawfully withheld.

86.     With respect to violations of Labor Code § 226, Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of $250/per aggrieved employee for the first violation, and $1000/per aggrieved employee for each subsequent violation of Labor Code § 226(a).

87.     With respect to violations of Labor Code § 510, Labor Code § 558 imposes a civil penalty in addition to any other penalty provided by law of $50 for the initial violation for each underpaid employee for each pay period in addition to an amount equal to the employee's underpaid wages, and $100 for subsequent violations for each underpaid employee for each pay period in addition to an amount equal to the employee's underpaid wages. Plaintiff seeks civil penalties in the amount of unpaid wages owed to aggrieved employees pursuant to Labor Code § 558(a)(3).

88.     Labor Code §§ 2699, et seq. imposes a civil penalty of $100/per pay period, per aggrieved employee for initial violations, and $200/per pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

89.     Plaintiff reserves the right to allege any additional and all other violations of the Labor Code and the applicable Wage Order as may be disclosed in discovery and as a result of additional investigation that may be pursued in this action.

90.     On or about May 17, 2023, Plaintiff filed a PAGA notice and sent a letter by Certified U.S. Mail to Defendant LOWE'S HOME CENTERS, LLC, and its owners, giving notice of Defendant Labor Code and Wage Order violations, as alleged herein.

91.     On or about May 17, 2023, notice to Defendants and the LWDA gave notice of Plaintiff's intent to prosecute a private enforcement action to assess and recover civil penalties under PAGA in the event the LWDA, following review, declines to investigate the asserted violations of

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 18 -

CLASS ACTION COMPLAINT

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

1    the California Labor Code and applicable IWC Wage Order.

2        92.    As of the date of filing this Complaint, the LWDA had Plaintiff's notice under review

3    for more than sixty (60) days and has not notified Plaintiff of its intent to investigate the foregoing

4    asserted violations.

5        93.    To the extent applicable, Plaintiff has satisfied the requirements of Labor Code §

6    2699.3.

7        94.    Plaintiff was compelled to retain the services of counsel to file this court action to

8    protect his interests and those of Defendant other former and current Non-Exempt Employees, and

9    to assess and collect the civil penalties owed by Defendants.  Plaintiff has thereby incurred attorneys'

10   fees and costs, which he is entitled to recover under Labor Code § 2699.

11                                **PRAYER FOR RELIEF**

12       Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and

13   judgment against Defendants, jointly and severally, as follows:

14                                Class Certification

15   1.    That this action be certified as a class action;

16   2.    That Plaintiffs be appointed as the representatives of the Class; and

17   3.    That counsel for Plaintiffs be appointed as Class Counsel.

18                                As to the First Cause of Action

19   4.    That the Court declare, adjudge and decree that Defendants violated California Labor

20   Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all regular and

21   overtime wages due to Plaintiffs and Class members;

22   5.    For general unpaid wages at regular and overtime wage rates and such general and

23   special damages as may be appropriate;

24   6.    For pre-judgment interest on any unpaid regular and overtime compensation

25   commencing from the date such amounts were due;

26   7.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

27   California Labor Code § 1194(a); and,

28   8.    For such other and further relief as the Court may deem equitable and appropriate.

- 19 -

CLASS ACTION COMPLAINT

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

## As to the Second & Third Causes of Action

9.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods and rest breaks to Plaintiff and Class members;

10.     That the Court make an award to the Plaintiff and Class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period and rest break were not provided;

11.     For all actual, consequential, and incidental losses and damages, according to proof;

12.     For premiums pursuant to California Labor Code § 226.7(b);

13.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

14.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Fourth Cause of Action

16.     That the Court declare, adjudge and decree that Defendants violated California Labor Code § 204 and applicable IWC Wage Orders by willfully failing to timely pay all wages due and payable to Plaintiffs and Class members twice during each calendar month;

17.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

18.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

19.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California; and

20.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Sixth Cause of Action

21.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by wilfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and other terminated Class members;

- 20 -

CLASS ACTION COMPLAINT

22.     For all actual, consequential, and incidental losses and damages, according to proof;

23.     For statutory wage penalties pursuant to California Labor Code § 203 for all Class members who have left Defendants' employ;

24.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

25.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California; and,

26.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

27.     That the Court declare, adjudge and decree that Defendants violated the record-keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiffs and Class members, and willfully failed to provide accurate itemized wage statements thereto;

28.     For all actual, consequential, and incidental losses and damages, according to proof;

29.     For statutory penalties pursuant to California Labor Code § 226(e);

30.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 226(h);

31.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h); and,

32.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

33.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, *et seq.* by failing to provide Plaintiff and Class members all overtime compensation due to them; by failing to pay timely and earned wages upon termination; by failing to provide accurate itemized wage statements; by failing to provide lawful meal and rest breaks or lawful premiums in lieu thereof;

34.     For restitution of unpaid wages and premiums to Plaintiff and all Class members and prejudgment interest from the day such amounts were due and payable;

35.     For the appointment of a receiver to receive, manage and distribute any and all funds

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 21 -

CLASS ACTION COMPLAINT

1    disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

2    result of violations of California Business & Professions Code §§ 17200 *et seq.*;

3         36.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

4    Code of Civil Procedure § 1021.5;

5         37.    For injunctive relief to ensure compliance with this section, pursuant to California

6    Business & Professions Code § 17200, *et seq.*; and,

7         38.    For such other and further relief as the Court may deem equitable and appropriate.

8                             As to the Eighth Cause of Action

9         39.    An award of civil penalties pursuant to PAGA;

10         40.    An award of reasonable attorneys' fees and costs pursuant to California Labor Code

11    § 2699(g) and/or other applicable law;

12         41.    Pre-judgment and post-judgment interest as provided by the law; and

13    Such other and further relief that the Court may deem just and proper.

14

15

16    Dated: August 4, 2023                      PETRONELLI LAW GROUP, PC

17

18                                   By:

19                                        CHRISTIAN J. PETRONELLI
                                     MITCHEL D. VANDERPOOL

20

21                                    *Attorneys for Plaintiff*
                                   CHAD JANES

22

23                                    *Attorneys for Plaintiff,*
                                   *Proposed Class, and Aggrieved Employees*

24

25

26

27

28

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803

- 22 -

CLASS ACTION COMPLAINT

1

2 **DEMAND FOR JURY TRIAL**

3 Plaintiff hereby respectfully demands a trial by jury for all triable issues alleged herein.

4

5

6 Dated: August 4, 2023                         PETRONELLI LAW GROUP, PC

7

8 By:

9                                               CHRISTIAN J. PETRONELLI
                                                MITCHEL D. VANDERPOOL
10

11 *Attorneys for Plaintiff*
   CHAD JANES
12
   *Attorneys for Plaintiff,*
13 *Proposed Class, and Aggrieved Employees*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -

CLASS ACTION COMPLAINT

PETRONELLI LAW GROUP, PC
295 REDONDO AVENUE, SUITE 201
LONG BEACH, CA 90803